In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00098-CV**
_____

**IN RE COMMITMENT OF JAMES VERNON LOWE**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-07-07672 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit James Vernon Lowe as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014). A jury found that Lowe is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. In three appellate issues, Lowe challenges the legal and factual sufficiency of the evidence to support the jury's verdict and the denial of his request to have an attorney present during the State's post-petition expert examination. We affirm the trial court's judgment and order of civil commitment.

1

Legal and Factual Sufficiency

In issues one and two, Lowe contends the evidence is legally and factually insufficient to support the jury's verdict because the State failed to present evidence demonstrating that Lowe is volitionally impaired. Under legal sufficiency review, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for commitment under the SVP statute. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the factfinder's responsibility to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id*. at 887. Under factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied).

In an SVP case, the State must prove, beyond a reasonable doubt, that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a) (West Supp. 2014). A person is a "sexually violent predator" if he is a repeat sexually violent offender and suffers from a behavioral abnormality that

2

makes him likely to engage in a predatory act of sexual violence. *Id*. § 841.003(a) (West Supp. 2014). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2)(West Supp. 2014). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

During trial, the jury heard Lowe's admissions that he has two convictions for indecency with a child and one conviction for aggravated sexual assault of a child. Lowe admitted that he had been sexually aroused by children, he sexually offended although he knew it was wrong, his offenses were sexually gratifying, he was aroused during his offenses, and his offenses were impulsive. Lowe also admitted committing another sexual offense after completing sex offender treatment. According to Lowe, he reoffended because the treatment was ineffective. At the time of trial, Lowe was participating in sex offender treatment a second time. He testified that the treatment would help him manage his fantasies

3

and has helped him develop empathy. Lowe explained that he now understands that children cannot be intimate and that, at the time of his offenses, he did not understand the seriousness of the injury caused to the victims. Lowe testified that he wants to avoid situations where the potential temptation exists, he pays more attention to his thoughts and actions, and he is learning how to apply the tools he was taught in treatment. He testified that he rarely has deviant thoughts about children, but is still attracted to them at times. Lowe admitted that he is a sex offender and testified that he accepted sole responsibility for his offenses. He admitted that there is always a possibility that he will reoffend.

Dr. Michael Arambula, a medical doctor specializing in general and forensic psychiatry, testified that Lowe has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Arambula testified that Lowe is sexually deviant and suffers from pedophilia and personality disorder not otherwise specified. He explained that the following factors increase Lowe's risk of re-offense: sexual deviance, long-term disease, multiple victims and incidents, treatment failure, and unstable relationships with peers.

On cross-examination, defense counsel asked whether it is correct that a pedophilia diagnosis does not automatically imply that the person has current difficulty controlling his emotional and volitional capacity. In response, Arambula

testified that anything is possible, but that it was hard to agree with counsel's proposition, given that pedophilia is a chronic disease that includes daily fantasies or thoughts. Arambula further testified that Lowe's testimony at trial demonstrates that he has responded to treatment and shown improvement regarding the concepts covered in sex offender treatment, but that Lowe's testimony did not change Arambula's opinion. He explained that Lowe must be able to apply what he has learned and, given the severity of Lowe's disease, he still suffers from a behavioral abnormality.

The jury heard Arambula's testimony that Lowe has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence, as well as evidence of Lowe's risk factors, sexual offenses, and diagnoses. The jury heard Lowe's testimony and admissions, including admissions that he committed an offense after treatment, he is sometimes still attracted to children, and Arambula's testimony that there is a possibility Lowe will reoffend. The jury was entitled to infer Lowe's current dangerousness from Arambula's testimony, Lowe's past behavior, and Lowe's own testimony. *See In re Commitment of Wilson*, No. 09-08-00043-CV, 2009 Tex. App. LEXIS 6714, at *14 (Tex. App.—Beaumont Aug. 27, 2009, no pet.) (mem. op.). Whether a person suffers from an emotional or volitional defect so grave as to cause behavior that makes him a

menace is included in the determination of whether he has serious difficulty in controlling behavior. *Almaguer*, 117 S.W.3d at 505-06. As sole judge of the weight and credibility of the evidence, the jury could reasonably conclude that Lowe suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See In re Commitment of Bernard*, No. 09-10-00462-CV, 2012 Tex. App. LEXIS 4681, at **7-8 (Tex. App.—Beaumont June 14, 2012, pet. denied) (mem. op.); *see also Wilson*, 2009 Tex. App. LEXIS 6714, at *14; *Almaguer*, 117 S.W.3d at 506; *Mullens*, 92 S.W.3d at 887.

Viewing the evidence in the light most favorable to the verdict, a rational jury could have found, beyond a reasonable doubt, that Lowe is a sexually violent predator; thus, the evidence is legally sufficient. *See* Tex. Health & Safety Code Ann. § 841.062(a); *see also Kansas v. Crane*, 534 U.S. 407, 413 (2002); *Mullens*, 92 S.W.3d at 885. Weighing all of the evidence, the verdict does not reflect a risk of injustice that would compel ordering a new trial. *See Day*, 342 S.W.3d at 213. We overrule issues one and two.

## Right to Counsel

In issue three, Lowe complains of the denial of his request to have an attorney present at the pre-trial expert examination. We have held that neither the SVP statute nor the Fourteenth Amendment requires that counsel be present during

a psychiatrist's post-petition examination. *See In re Commitment of Smith*, 422 S.W.3d 802, 807 (Tex. App.—Beaumont 2014, pet. denied). Lowe argues that our holding in *Smith* is based mainly on a concession by Smith that the SVP statute defines a civil commitment proceeding as a "trial or hearing" and does not appear to encompass a pre-trial psychiatric examination. *See id*. at 806. In *Smith*, we merely noted that *Smith* made this concession. *Id*. at 804-07. Additionally, we have followed *Smith* in other cases and have declined to revisit our ruling in *Smith*. *See In re Commitment of Richard,* No. 09-13-00539-CV, 2014 Tex. App. LEXIS 6974, at **10-11 (Tex. App.—Beaumont June 26, 2014, no pet. h.) (mem. op.); *In re Commitment of Speed*, No. 09-13-00488-CV, 2014 Tex. App. LEXIS 4444, at *2 (Tex. App.—Beaumont Apr. 24, 2014, pet. denied) (mem. op.); *In re Commitment of Lemmons*, No. 09-13-00346-CV, 2014 Tex. App. LEXIS 3888, at **1-2 (Tex. App.—Beaumont Apr. 10, 2014, pet. denied) (mem. op.). For the reasons discussed in *Smith*, we overrule issue three and affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

7

Submitted on August 11, 2014
Opinion Delivered September 4, 2014

Before McKeithen, C.J., Horton and Johnson, JJ.